UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| Virginia Bangoup, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Libor Management, LLC, a Minnesota Limited Liability Company, and Choice Hotels International, Inc., a Foreign Corporation<br><br>Defendants. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Virginia Bangoup ("Plaintiff"), on behalf of herself and all others similarly situated, by and through her attorneys, brings this collective action lawsuit against Defendants Libor Management, LLC; and Choice Hotels International, Inc. (collectively hereinafter "Defendants") seeking to recover for Defendants' violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and Washington law. Plaintiff complains and alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff and all similarly situated employees were denied proper payment for all hours worked and overtime compensation in violation of the FLSA and Washington law and were also denied meal and rest periods as prescribed by and pursuant to Washington law.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

2. Defendants violated Washington law by knowingly and willfully permitting Plaintiff and Class Members to perform overtime work without the proper compensation and/or remain on duty during meal and rest breaks. Defendants received value from the work performed by Plaintiff and Class Members, who worked in excess of eight hours a day, or more than forty hours in a workweek with no overtime compensation and who worked during meal and rest periods without compensating them for their services.

3. Defendants' conduct violated and continues to violate Washington state law because the Washington Minimum Wage Act ("MWA"), Chapter 49.46 RCW, requires employers to pay hourly employees like Plaintiff and Class Members no less than the minimum wage for the first forty hours of work in a week and no less than one and one-half times the regular rate of pay for any hours worked in excess of forty in a week. Defendants' conduct also violates Chapter 49.46 RCW because Defendants refused to allow Plaintiff to use requested sick time as was her right under Washington law.

4. Defendants' conduct further violated and continues to violate Washington meal and rest period laws under Washington's Industrial Welfare Act ("IWA"), Chapter 49.12 RCW, Washington's requirement that all wages be paid upon separation of employment, Washington's prohibition on unlawfully withholding wages, and Washington's recordkeeping requirements.

5. Additionally, because Defendants' withholding of contracted or legally required wages and violations of meal and rest period requirements were willful and knowing, Defendants violated Washington's Wage Rebate Act ("WRA"), Chapter 49.52 RCW, which guarantees that all contracted or legally required wages are paid to employees.

6. Because Defendants' conduct violated and continues to violate Washington wage and hour laws, Defendants are liable for unpaid and exemplary wages as provided by Washington law, attorneys' fees and costs, and pre- and post-judgment interest.

## II. JURISDICTION AND VENUE



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

7. The FLSA authorizes private rights of action to recover damages for violations of the FLSA's wage and hour provisions. *See* 29 U.S.C. § 216(b). The Court has original federal question jurisdiction under 28 U.S.C. § 1331. The Court has supplemental jurisdiction under 28 U.S.C. § 1367 for the state law claims because the claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c). At all material times, Defendants have been actively conducting business in the State of Washington and resides in this judicial district.

## III. PARTIES

9. Plaintiff Virginia Bancoup is an individual over the age of eighteen, and at all times mentioned in this Complaint was a resident of the State of Washington.

10. Plaintiff worked for Defendants in Bothell, Washington.

11. Plaintiff is informed, believes, and thereon alleges that Defendant Libor Management LLC is a foreign limited liability company headquartered in Bethesda, Maryland. Defendant is registered to conduct business in Washington, does conduct business in Washington, and employs and/or employed hourly, non-exempt employees, including Plaintiff and Collective Members throughout the United States. Libor Management LLC may be served with process by serving its registered agent, Corporation Service Company at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA, 98501.

12. Plaintiff is informed, believes, and thereon alleges that Defendant Choice Hotels International, Inc., is a foreign profit corporation headquartered in Bethesda, Maryland. Defendant is registered to conduct business in Washington, does conduct business in Washington, and employs and/or employed hourly, non-exempt employees, including Plaintiff and Collective Members throughout the United States. Choice Hotels International, Inc., may be served with process by serving its registered agent, Corporation Service Company at 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA, 98501.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

13. Plaintiff is informed, believes, and thereon alleges that Defendants employ and/or employed Plaintiff and Class and Collective Members because Defendants, directly or indirectly, controls their employment terms, including the pay practices applicable to Plaintiff and Class and Collective Members. This is evidenced, in part, because Defendant Libor Management, LLC is the payor on Plaintiff's paystubs. In addition, during meetings regarding employment disputes and complaints with Human Resources, Plaintiff is informed and believes that Choice Hotels representatives were present and provided directives and made decisions related to her rights and responsibilities as their employee.

14. Plaintiff is informed, believes, and thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendant, acting through its agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment, and/or direction and control.

15. Plaintiff is informed, believes, and thereon alleges that Defendants directly control the operations of their agents, managers, and employees throughout all of their locations in the United States.

16. Plaintiff is informed, believes, and thereon alleges that Defendants, in some manner, intentionally, negligently, or otherwise, are responsible for the acts, omissions, occurrences, and transactions alleged herein.

17. At all material times, Defendants have been an employer within the meaning of the FLSA under 29 U.S.C. § 203(d).

18. At all material times, Defendants have been an enterprise within the meaning of the FLSA under 29 U.S.C. § 203(r).

19. Plaintiff and Collective Members were and are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

20. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA because



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

Defendants have and continue to have employees engaged in commerce. *See* 29 U.S.C. § 203(s)(1).

21. Defendants are the employer of Plaintiff and Collective Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and similarly situated employees.

22. Here, Defendants have, and continue to have, an annual gross business volume of not less than $500,000, thereby exceeding the statutory standard. 29 U.S.C. § 203(s)(1)(A)(ii).

23. In addition to Plaintiff, Defendants have employed numerous other employees, who like Plaintiff, are engaged in interstate commerce. Further, Defendants are engaged in interstate commerce since it provides accommodation for interstate travelers, solicits business to customers nationwide, and conducts business deals with merchants across state lines.

24. At all material times, Plaintiff and Collective Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

25. Defendants have been an employer within the meaning of the RCW 49.46.010(5), RCW 49.12.005(3), and their associated regulations.

26. At all material times, Plaintiff and Class members were and are employees of Defendants within the meaning of RCW 49.46.010(4), RCW 49.12.005(4).

## IV. FACTUAL ALLEGATIONS

27. Upon information and belief, Defendant Libor Management LLC is based out of Minnesota and Bethesda, Maryland.

28. Upon information and belief, Defendant Choice Hotels International, Inc. is based out of Delaware and Bethesda, Maryland.

29. Plaintiff is informed, believes, and thereon alleges that Defendants employ thousands of hourly, non-exempt workers similarly situated to Plaintiff throughout the United States.

30. Plaintiff has worked for Defendants as a Front Desk Agent at their Country Inn & Suites hotel in Bothell, Washington from approximately May 2024 to October 2025.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

31. Plaintiff was classified as a non-exempt employee and was paid a rate of approximately $20.60 per hour.

32. Although Plaintiff's shifts could occasionally vary in duration, especially when the location was short-staffed, Plaintiff usually works approximately eight hours or more per shift and approximately five shifts per week.

33. Plaintiff's weekly hours could vary, but on average, Plaintiff worked approximately forty hours per week, or more.

34. Plaintiff typically worked from 7:00 a.m. to 3:30 p.m. five days per week.

35. Plaintiff and Class and Collective Members' job duties involved checking guests in and out of their rooms, ensuring rooms were ready and appropriate for guests, facilitating reservations, troubleshooting guest problems, managing building entry, answering phone calls, opening and closing the common areas such as the pool area, assisting management, and other similar duties related to the operation and management of hotel properties.

36. WAC 296-126-092 requires that employees be allowed a meal period of at least 30 minutes which commences no less than two hours nor more than five hours from the beginning of the shift. *See* WAC 296-126-092(1). Meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer. *See* WAC 296-126-092(2).

37. Plaintiff and Class Members were unable to take uninterrupted, regular meal breaks due to company-wide labor budgeting practices that forced Plaintiff and similarly situated employees to work during this unpaid time.

38. When Plaintiff and Class Members experienced untimely or interrupted meal breaks, or did not receive the breaks at all, Defendants failed to pay them for the hours worked through their scheduled unpaid meal breaks or any additional compensation for the violations.

39. WAC 296-126-092 requires that employees be allowed a rest period of at least ten minutes on the employer's time for every four hours of work. *See* WAC 296-126-092(4).



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

No employee shall be required to work more than three hours without a rest period. *Id*. Under Washington law, rest breaks may not be waived by employees. *See Pellino v. Brink's Inc.*, 164 Wn. App. 668, 688, 267 P.3d 383 (2011) (stating "employers have a duty to provide meal periods and rest breaks and to ensure the breaks comply with the requirements of WAC 296-126-092"). Missed rest breaks are compensable as damages. *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849, 50 P.3d 256 (2002).

40. Moreover, employers have a "mandatory obligation" to both "provide" meal and rest breaks and "ensure" the breaks comply with the law. *Chavez v. Our Lady of Lourdes Hosp. at Pasco*, 190 Wn.2d 507, 519, 415 P.3d 224 (2018); *Brady v. AutoZone Stores, Inc.*, 188 Wn.2d 576, 584, 397 P.3d 120 (2017).

41. Plaintiff and other Class Members were frequently unable to take their legally mandated rest breaks, often at management's behest. Rest breaks were denied so frequently to the Plaintiff, who was 58 years of age and claimed a disability, that she decided to wear incontinence pads to prevent having an accident due to her not having time to use the restroom.

42. These meal and rest break violations were knowingly and willingly committed by Defendants. Plaintiff reported the rest and meal break issues to management and human resource ("HR") staff, but instead of enforcing a compliant meal and rest break policy, Plaintiff's supervisor and Defendants' HR personnel suggested that Plaintiff was too old to continue working for Defendants.

43. Defendants' nonpayment of work done through unpaid meal periods means that they regularly failed to pay Plaintiff and Collective and Class Members for all hours worked. This additional work also caused Plaintiff and Collective and Class Members to work over forty (40) hours a week, and these hours worked over forty were not paid at the legally mandated overtime rate, triggering violations of FLSA and Washington State minimum wage and overtime requirements.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

44. Defendants' violations of Washington State overtime laws are further exacerbated by the fact that when meal breaks and rest breaks are violated and interrupted, additional time is added at the end of the workday, which may trigger the additional hours to be paid at the overtime rate. *See Lopez Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wn.2d 649, 657–58, 355 P.3d 258, 263 (2015); *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841, 849, 50 P.3d 256 (2002).

45. Washington law also guarantees the accrual and use of sick time pay during times of sickness of themselves or a family member. RCW 49.46.210. Employers are required to allow employees to take requested sick leave off when employees give reasonable notice. WAC 296-128-650.

46. Defendants have demonstrated a history of rejecting sick leave when requested by Plaintiff and Class Members, in violation of Washington sick leave law. For example, Plaintiff requested sick time off when she came down with the virus of COVID-19 and her supervisor refused to let her take time off, claiming the location was short-staffed.

47. Defendants' actions were willful and were not based on a good faith and reasonable belief that their conduct complied with the FLSA and Washington law.

48. Plaintiff is informed, believes, and thereon alleges that Defendants utilize and apply these pay policies and practices at their locations across the United States.

49. On information and belief, Plaintiff and Class and Collective Members report to locations owned, operated, or managed by Defendants to perform their jobs.

50. On information and belief, Plaintiff and Class and Collective Members perform their jobs under Defendants' supervision using materials and technology approved and supplied to them by Defendants.

51. On information and belief, Plaintiff and Class and Collective Members are required to follow and abide by Defendants' common work, time, and pay policies and procedures in the performance of their jobs.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

52. On information and belief, at the end of each pay period, Plaintiff and Class and Collective Members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

53. On information and belief, Defendants pay Plaintiff and Class and Collective Members on an hourly rate basis.

54. On information and belief, Defendants' unlawful conduct has been widespread, repeated, and consistent throughout Defendants' locations throughout the United States.

55. Defendants know, or should know, that their policies and practices are unlawful and unfair.

56. Defendants' conduct is willful, carried out in bad faith, and causes significant damages to non-exempt hourly employees in an amount to be determined at trial.

## V. COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

57. Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and a proposed collective of similarly situated employees defined as follows:

> All current and former non-exempt, hourly, non-managerial employees of Defendants who were employed full-time anywhere throughout the United States for at least one (1) week during the time period from three years prior to the filing of the complaint until resolution of this action (the "Collective").

58. Plaintiff, individually and on behalf of the other similarly situated persons defined above, seeks relief on a collective basis challenging Defendants' policies and practices of failing to properly pay for all hours worked, including overtime compensation. The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

59. Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

60. The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work without being paid at least the federal minimum wage or correct overtime rate, where applicable, in violation of the FLSA.

61. Plaintiff is a representative of the members of the Collective and is acting on behalf of their interests as well as her own interests in bringing this action.

62. Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

63. The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

64. Plaintiff contemplates providing a notice or notices to all of the employees, as approved by the Court, to be delivered via United States Mail and other means. The notice or notices shall, among other things, advise each of the FLSA employees that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the collective.

## VI. FED. R. CIV. P. 23 CLASS ACTION ALLEGATIONS

65. Plaintiff brings a class action under Washington's Minimum Wage Act ("MWA"), Wage Rebate Act ("WRA"), and Industrial Welfare Act ("IWA"), on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

66. The proposed class is defined as:



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

> All current and former non-exempt, hourly, non-managerial employees of Defendants who worked in Defendants' Washington locations that were paid for at least one (1) shift during the time period from three years prior to the filing of the complaint until resolution of this action (the "Class" or "Washington Class").

67. Plaintiff also proposes the following subclass to comprise Plaintiff and other Class members who have had sick leave wrongfully denied defined as:

> All current and former non-exempt, hourly, non-managerial employees of Defendants who worked in Defendants' Washington locations that were paid for at least one (1) shift during the time period from three years prior to the filing of the complaint until resolution of this action and who have been wrongfully denied sick leave despite employees' compliance with Washington law (the "Sick Leave Subclass").

68. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

a. **Numerosity**: The potential members of the putative classes as defined are so numerous that joinder of all the members of the putative classes is impracticable. Upon information and belief there are hundreds of putative Class and Subclass members.

b. **Commonality**: There are questions of law and fact common to Plaintiff and the putative classes that predominate over any questions affecting only individual members of the putative classes. These common questions of law and fact include, but are not limited to:

i. Whether Defendants failed to compensate Class members at the appropriate overtime rate of pay in violation of the Washington law;

ii. Whether Defendants failed to provide full and uninterrupted meal and rest periods to Plaintiff and Class members in violation of Washington law;



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

iii. Whether Defendants failed to provide Plaintiff and Class members with timely, accurate itemized wage statements in violation of Washington law;

iv. Whether Defendants failed to permit Plaintiff and the Subclass members to take sick time when they requested, in violation of Washington law.

c. **Typicality**: Plaintiff's claims are typical of the claims of the classes. Defendants' common course of conduct in violation of law as alleged herein has caused Plaintiffs and putative class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the classes.

d. **Adequacy of Representation**: Plaintiff is a member of the putative classes, does not have any conflicts of interest with other putative Class and Subclass members, and will prosecute the case vigorously on behalf of the putative classes. Counsel representing Plaintiff is competent and experienced in litigating large employment class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the class and Subclass members.

69. **Superiority of Class Action**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed putative Class and Subclass members is not practicable, and questions of law and fact common to the Washington Class and Sick Leave Subclass predominate over any questions affecting only individual members of the respective classes. Each proposed class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies, practices, or both. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

70. In the alternative, the classes may be certified because the prosecution of separate actions by the individual members of the Class and Subclass would create a risk of inconsistent



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

or varying adjudication with respect to individual members of the Washington Class and Sick Leave Subclass, which would establish incompatible standards of conduct for Defendants.

71. If each individual putative Class and/or Subclass member were required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each member of the classes with Defendants' vastly superior financial legal resources.

72. Requiring each individual Class or Subclass member to pursue an individual remedy would also discourage the assertion of lawful claims by the Class and Subclass members who would be disinclined to pursue these claims against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers, and well-being.

## VII. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay Minimum and Overtime Wages Under the FLSA**
**Pursuant to 29 U.S.C. §§ 201, et seq.**
**(Individually and on Behalf of the Collective)**

73. Plaintiff re-alleges and incorporates the foregoing as though fully set forth herein.

74. The FLSA requires that covered employees receive at least minimum compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. *See* 29 U.S.C. § 206 and 29 U.S.C. § 207(a)(1).

75. At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. §§ 203(e); 207(a).

76. Defendants are a covered employer required to comply with the FLSA's mandates.

77. Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, *inter alia*, failing to compensate Plaintiff and the Collective for all hours worked and, with



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. *See* 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective. *See* 29 U.S.C. § 211(c).

78. Plaintiff and the Collective are victims of uniform and company-wide practices, including those pertaining to working through unpaid lunch breaks. This policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendants, working throughout the United States.

79. Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants act willfully and knows or shows reckless disregard for whether the alleged conduct was prohibited by the FLSA.

80. Defendants act neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. *See* 29 U.S.C. § 216(b).

81. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

## SECOND CAUSE OF ACTION
**Failure to Pay State Minimum and Overtime Wages**
**Pursuant to RCW 49.46, *et seq.***
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

82. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

83. Pursuant to RCW 49.46.020 and WAC 296-128-550, Defendants are required to pay Plaintiff and Washington Class members an hourly rate of not less than the minimum wage for hours worked. Moreover, under RCW 49.46.130(1) and WAC 296-128-550, Defendants are required to pay Plaintiff and Washington Class members one and one-half times their regular rate of pay for all hours worked in excess of forty hours in a given workweek.

84. RCW 49.46.090(1) states,

> Any employer who pays any employee less than the amounts to which such employee is entitled under or by virtue of this chapter, shall be liable to such employee affected for the full amount due to such employee under this chapter, less any amount actually paid to such employee by the employer, and for costs and such reasonable attorney's fees as may be allowed by the court. Any agreement between such employee and the employer allowing the employee to receive less than what is due under this chapter shall be no defense to such action.

85. Plaintiff and class members are entitled to recover unpaid overtime under Washington law because Defendants violated the MWA by not restoring Plaintiff and class members' time for their missed half-hour meal break, ten-minute rest break, or both, resulting in additional labor to the employer. This practice meant that Defendants failed to compensate Plaintiff and the class members for time they actually worked during the missed meal period, rest break, or both.

86. By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130 by failing to pay Plaintiff and Washington Class Members one and one-half time their regular rate of pay for all weekly hours worked in excess of forty hours, including additional compensable time for all missed, interrupted, or shortened meal and breaks in such weeks.

87. Plaintiff and Class Members who are within the applicable three-year statute of limitations are entitled to collect the difference between the wages received that were then due and the overtime wages due in an amount to be proven at trial, together with double damages



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(RCW 49.52.070), attorney fees, costs and disbursements (RCW 49.12.150; RCW 49.48.030), civil penalties (RCW 49.12.170), as well as pre-and post-judgment interest at the rate of 12% per annum (RCW 19.52.020).

**<u>THIRD CAUSE OF ACTION</u>**
**Failure to Pay Wages Owed at Termination**
**Pursuant to RCW 49.48.010, 49.52.070**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

88. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

89. RCW 49.48.010 provides that "[w]hen any employee shall cease work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period."

90. By the actions alleged above, Defendants violated and continue to violate the provisions of RCW 49.48.010, as Defendants have knowingly and willingly underpaid Plaintiff and Class members for all their wages due by law and their employment agreement

91. As a result of the unlawful acts of Defendants, Plaintiff and class members have been deprived of compensation in amounts to be determined at trial and pursuant to RCW 49.48.030, Plaintiff and the Washington Class members are entitled to such damages, including interest thereon, as well as attorneys' fees and costs.

**<u>FOURTH CAUSE OF ACTION</u>**
**Willful Refusal to Pay Wages**
**Pursuant to RCW 49.52.050, 49.52.070**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

92. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

93. Pursuant to the Wage Rebate Act ("WRA") any employer or agent of any employer who who "[w]ilfully and with intent to deprive the employee of any part of his or her wages, shall pay any employee a lower wage than the wage such employer is obligated to pay



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

such employee by any statute, ordinance, or contract" shall be guilty of a misdemeanor. RCW 49.52.050(2).

94. The WRA also provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees. RCW 49.52.070.

95. An employer's nonpayment of wages is willful and made with intent "when it is the result of knowing and intentional action and not the result of bona fide dispute as to the obligation of payment." *Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 849 (2002) (quoting *Chelan Cty. Deputy Sheriffs' Ass'n v. Chelan Cty.*, 109 Wn.2d 282, 300 (1987)).

96. Defendants intentionally failed to pay all wages owed to Plaintiff and the Class members by implementing practices that denied them payment of their full wages, including wages for hours worked at not only the applicable minimum wages but at their full contracted hourly rates, as alleged herein.

97. Moreover, Defendants intentionally failed to pay all wages owed to Plaintiff and the Class by implementing a policy that denied them the appropriate rates of pay, as alleged herein, including penalty pay associated with violated meal and rest breaks. *See Wingert v. Yellow Freight Sys., Inc.*, 146 Wn.2d 841, 848–49, 50 P.3d 256, 260 (2002) (finding that withholding payment for violated meal and rest breaks is compensable as a wage offense).

98. Defendants knew or should have known that its employment policies violated Washington law, and its failure to pay wages owed to Plaintiff and the Washington Class was "willful" under RCW 49.52.050(2).

99. As a result of the unlawful acts of Defendants, Plaintiff and the Washington Class members are entitled to recover twice the amount of unpaid wages, as well as prejudgment interest, costs, attorneys' fees pursuant to RCW 49.52.070 and request relief as hereinafter provided.

**<u>FIFTH CAUSE OF ACTION</u>**
**Failure to Provide Rest Periods**
**Pursuant to RCW 49.12.020 and WAC 296-126-092**



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

100. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

101. The Industrial Welfare Act, ("IWA"), provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect." RCW 49.12.010.

102. The IWA also provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health." RCW 49.12.020.

103. Pursuant to RCW 49.12.005 and its implementing regulation WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

104. The IWA, RCW 49.12, and its implementing regulation WAC 296-126-092, provides that employees shall be allowed certain paid rest periods during their shifts.

105. Under the IWA, Defendants have an obligation to (1) affirmatively provide employees with the rest breaks to which they are entitled; (2) affirmatively ensure that employees receive the rest breaks, completely relieved of all duties, to which they are entitled; and (3) provide an additional ten minutes of penalty pay for each missed, shortened, or interrupted rest break as a remedy for the loss of the statutorily mandated respite.

106. By the actions alleged above, Defendants violated the provisions of RCW 49.12.020 and WAC 296-126-092 by failing to provide Plaintiff and class members with additional compensation for their missed rest breaks.

107. As a result of the unlawful acts of Defendants, Plaintiff, and the Washington Class members were deprived of compensation in amounts to be determined at trial, and



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

Plaintiff, and the Class and members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs as well as double damages under RCW 49.52.

**SIXTH CAUSE OF ACTION**
**Failure to Provide Meal Periods**
**Pursuant to RCW 49.12.020 and WAC 296-126-092**
**(On Behalf of Plaintiff and the Washington Class Against Defendants)**

108. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

109. The IWA, RCW 49.12, and its implementing regulation, WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, prohibiting employers from requiring employees to work more than five consecutive hours without an uninterrupted thirty-minute meal period.

110. Under the IWA, Defendants have an obligation to (1) affirmatively provide employees with uninterrupted meal breaks to which they are entitled; (2) affirmatively ensure that employees receive the meal breaks, completely relieved of all duties, to which they are entitled; (3) compensate employees with thirty minutes of pay for each missed, interrupted, or shortened meal break; and (4) pay an additional thirty minutes of penalty pay for each interrupted, missed, or shortened, and unpaid meal break to compensate for the loss of the statutorily mandated respite.

111. By the actions alleged above, Defendants violated the provisions of RCW 49.12.020, and WAC 296-126-092 by failing to provide Plaintiff and class members with additional compensation for their missed, interrupted, or shortened meal breaks.

112. As a result of the unlawful acts of Defendants, Plaintiff and Class members were deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class and members are entitled to the recovery of such damages, including double damages under Chapter 49.52, RCW, interest thereon, and attorneys’ fees under RCW 49.48.030 and costs.



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

**SEVENTH CAUSE OF ACTION**
**Failure to Permit Sick Leave**
**Pursuant to RCW 49.46, *et seq.***
**(On Behalf of Plaintiff and the Sick Leave Subclass Against Defendants)**

113. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

114. The people of Washington, through voter initiative, legislated that,

> The demands of the workplace and of families need to be balanced to promote public health, family stability, and economic security. It is in the public interest to provide reasonable paid sick leave for employees to care for the health of themselves and their families. Such paid sick leave shall be provided at the greater of the newly increased minimum wage or the employee's regular and normal wage.

RCW 49.46.200.

115. Employers are required to provide their employees with paid sick leave for purposes within, and under at least the accrual standards. *See* RCW 49.46.210.

116. Employers are further required to allow employees to take requested sick leave when employees give reasonable notice. WAC 296-128-650.

117. Pursuant to Washington law, sick leave may be taken under to care for their own injury or illness or that of a family member, among other reasons. RCW 49.46.210(1)(b).

118. By the actions alleged above, Defendants have violated the provisions of RCW 49.46, *et seq.* by denying Plaintiff and Sick Leave Subclass members their use of sick leave to which they were legally entitled.

119. As a result of the unlawful acts of Defendants, Plaintiff and the Sick Leave Subclass members were deprived of sick leave pay, and they are entitled to the recovery of such damages, including double damages under Chapter 49.52, RCW, interest thereon, attorneys' fees and costs under RCW 49.46.090.

## VIII. PRAYER FOR RELIEF



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

WHEREFORE, Plaintiff, individually and on behalf of other similarly situated employees, prays for the following relief:

(i) Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA and Washington law;

(ii) An order designating this action as a collective action on behalf of the Collective and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals;

(iii) An order finding that Defendants violated the FLSA and Washington law;

(iv) An order finding Defendants violated the FLSA and Washington law willfully;

(v) All unpaid wages due under the FLSA and Washington law;

(vi) An equal amount as liquidated damages as allowed under the FLSA and/or Washington law;

(vii) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

(viii) For an order awarding Plaintiff, Collective members, and Class and Subclass members compensatory damages, including lost wages, earnings, liquidated damages, and other employee benefits, restitution, recovery of all money, actual damages, and all other sums of money owed to Plaintiff, Collective members, and Class and Subclass members, together with interest on these amounts, according to proof and as applicable to each claim;

(ix) All attorneys' fees, costs, and disbursements as provided by FLSA and Washington law;

(x) An order certifying this case as a Class Action under Rule 23 of the Federal Rules of Civil Procedure using the class and subclass definitions as proposed herein;

(xi) For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

(xii) For all costs of suit;

(xiii) For interest as provided by applicable law; and



**LAWYERS FOR JUSTICE PC**
600 Stewart Street, Suite 300
Seattle, WA 98101
Phone: (424) 587-8423
Fax: (818) 265-1021

(xiv) For such other and further relief as this Court deems just and proper.

DATED this 22nd day of January 2026.

*/s/ Derek Moretz*__________________________
Derek Moretz, WSBA #62935
*Attorneys for Plaintiff*
Lawyers *for* Justice, P.C.

*/s/ Devin Kathleen Epp*_____________________
Devin Kathleen Epp, WSBA #60037
*Attorneys for Plaintiff*
Lawyers for Justice, P.C.

*/s/ Carolyn H. Cottrell*________________
Carolyn H. Cottrell,* CA Bar No. 166977
Ori Edelstein,* CA Bar No. 268145
Robert E. Morelli, III,* TN Bar No. 037004
SCHNEIDER WALLACE COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.
Email: rmorelli@schneiderwallace.com

*Attorneys for Plaintiff*
**Pro hac vice forthcoming*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

DATED this 22nd day of January 2026.

*/s/ Derek Moretz*
Derek Moretz, WSBA #62935
*Attorneys for Plaintiff*
Lawyers *for* Justice, P.C.

*/s/ Devin Kathleen Epp*
Devin Kathleen Epp, WSBA #60037
*Attorneys for Plaintiff*
Lawyers for Justice, P.C.

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell,* CA Bar No. 166977
Ori Edelstein,* CA Bar No. 268145
Robert E. Morelli, III,* TN Bar No. 037004
SCHNEIDER WALLACE COTTRELL KIM LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Phone: (415) 421-7100
Fax: (415) 421-7105
Email: ccottrell@schneiderwallace.com
Email: oedelstein@schneiderwallace.
Email: rmorelli@schneiderwallace.com

*Attorneys for Plaintiff*
**Pro hac vice forthcoming*